

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2004

# Elviyanti v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4114

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Elviyanti v. Atty Gen USA" (2004). *2004 Decisions.* Paper 183.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/183

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4114

ANASTASIA ELVIYANTI,

Petitioner

v.

JOHN ASHCROFT, Attorney General
of the United States,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A78-692-684)

Submitted under Third Circuit LAR 34.1(a)
October 29, 2004

BEFORE: SCIRICA, Chief Judge, and FISHER and GREENBERG, Circuit Judges

(Filed: October 29, 2004)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on Anastasia Elviyanti's petition for review

of a decision and order of the Board of Immigration Appeals entered September 17, 2003,

affirming a decision of an immigration judge of February 1, 2002, in this case. The immigration judge set forth the background of the matter in his oral opinion denying Elviyanti's request for asylum, withholding of removal, and protection under the Convention Against Torture. The proceedings had been instituted against Elviyanti because she overstayed her authority to remain in the United States after being admitted as a non-immigrant visitor. In rejecting her application, the immigration judge found that she had "been totally incredible and therefore [had] not established a well-founded fear of persecution . . . if she were returned to Indonesia."

On appeal the BIA indicated:

> We will affirm the decision of the Immigration Judge. See Matter of Burbano, 20 I&N Dec. 872, 974 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is 'simply a statement that the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his or her decision'). Even if we were to find the respondent's claim to be credible, she has not established past persecution, for nothing actually happened to her in her home country that was of a level of harm amounting to persecution. Moreover, she has established no nexus between her attackers and her religion, or any other protected ground. Finally, the respondent has not established that she fears persecution from the government, or from a group the government was unwilling or unable to control. Accordingly, the appeal is dismissed.

We recently set forth the jurisdictional basis for review of removal orders in Chen v. Ashcroft, 376 F.3d 215 (3d Cir. 2004), and in the same opinion set forth our standard of review in such cases. It is sufficient to note that our jurisdiction is under section 242(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(1), and that "[w]e

review adverse credibility determinations for substantial evidence. Under this deferential standard of review, we must uphold the credibility determination of the BIA or IJ unless 'any reasonable adjudication would be compelled to conclude to the contrary.' 8 U.S.C. § 1252(b)(4)(B). Accordingly, we are required to sustain an adverse credibility determination 'unless . . . no reasonable person' would have found the applicant incredible." <u>Chen</u>, 376 F.3d at 222 (citations omitted).

After our review of the matter and exercising the appropriate standard of review we find no basis to grant Elviyanti relief. Accordingly, we will deny the petition for review.